[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 176.]

**THE STATE EX REL. FLAGNER, APPELLANT, *v.* ARKO, APPELLEE.**

**[Cite as *State ex rel. Flagner v. Arko*, 1998-Ohio-127.]**

*Mandamus to compel police detective to provide relator, who is seeking to vacate his conviction for kidnapping and murder and obtain a new trial, with exculpatory evidence in the detective's possession—Writ denied, when.*

(No. 98-487—Submitted July 15, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72779.

————————————

{¶ 1} In 1985, appellant, Hbrandon Flagner, was convicted of the kidnapping and murder of eight-year-old Tiffany Papesh and was sentenced accordingly. Flagner's conviction and sentence were affirmed on appeal. *State v. Flagner* (Oct. 16, 1986), Cuyahoga App. No. 50815, unreported, 1986 WL 11653.

{¶ 2} In 1995, a newspaper article raised questions about whether Flagner committed the crimes. According to the article, appellee, Maple Heights Police Detective Ron Arko, who had worked on the Papesh case, stated that he did not believe that Flagner committed the crimes even though Flagner had confessed. The article also mentioned that Flagner's alibi, that he was at work fifty-two miles away around the time of Papesh's disappearance, was supported by his work time card.

{¶ 3} In July 1997, Flagner filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Detective Arko to provide him with exculpatory evidence in his possession pursuant to Crim.R. 16(B). Flagner attached the 1995 newspaper article to his complaint.

{¶ 4} Detective Arko filed an "objection and opposition" to Flagner's complaint. Attached to Arko's filing were his affidavit and the affidavit of Carmen Marino, the Cuyahoga County Assistant Prosecuting Attorney who had prosecuted Flagner. The affidavits established that before Flagner's trial, Detective Arko had

given Marino all the documents and evidence he had obtained during his investigation, that Marino had provided all relevant and exculpatory evidence to Flagner during discovery, including the time card, which was presented at trial as part of Flagner's defense, and that Detective Arko obtained no new, relevant, or exculpatory evidence regarding the case following his investigation.

{¶ 5} After the court of appeals converted Detective Arko's filing into a motion for summary judgment and Flagner filed responses to the motion, the court of appeals granted the motion and denied the writ.

{¶ 6} This cause is now before the court upon an appeal as of right.

_____

*Hbrandon Flagner*, *pro se*.

*Michael G. Ciaravino & Associates* and *Michael G. Ciaravino*, for appellee.

_____

**Per Curiam.**

{¶ 7} Flagner asserts that the court of appeals erred in denying the writ of mandamus. For the following reasons, however, we find Flagner's assertion meritless and affirm the judgment of the court of appeals.

{¶ 8} Initially, Detective Arko had no duty under Crim.R. 16 to provide the requested evidence. Crim.R. 16(B) requires the prosecuting attorney, not a police detective, to provide certain evidence in criminal discovery. Crim.R. 16(D) imposes a continuing duty to disclose on the state "prior to or during trial." It had been over ten years after the conclusion of Flagner's trial when he sought extraordinary relief in mandamus under Crim.R. 16.

{¶ 9} In addition, the summary judgment evidence introduced by Detective Arko established that the state, through the prosecuting attorney, fully complied with Crim.R. 16 by providing Flagner with all relevant and exculpatory evidence prior to his criminal trial. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere

allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts establishing the existence of a genuine triable issue. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199. After Detective Arko's filing and notice that the court had converted the filing into a motion for summary judgment, Flagner rested on the mere allegations of his pleading and failed to file Civ.R. 56 evidence setting forth specific facts to support his claim. See, also, *Salem v. Salem* (1988), 61 Ohio App.3d 243, 246, 572 N.E.2d 726, 728, where the court noted that "[a] newspaper article alone is not evidence of operative facts which might support a Civ.R. 60(B) motion [for relief from judgment]." In fact, the attachments to Flagner's complaint include a defense attorney's opinion that Flagner's "evidence" was insufficient to vacate his conviction and obtain a new trial.

{¶ 10} Finally, Flagner erroneously relies on our decision in *State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 651 N.E.2d 993, to support his contention that he is entitled to the records he claims are in Detective Arko's possession. *Carpenter* is a public records case brought under R.C. 149.43, Ohio's Public Records Act, which Flagner does not rely on here. See *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 208, 680 N.E.2d 985, 987. Further, following *Carpenter*, we held that records discoverable under Crim.R. 16 are not thereby subject to release as a public record under R.C. 149.43. *Id.*, citing *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus.

{¶ 11} Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————