THE STATE EX REL. WARREN, APPELLANT, v. WARNER,
COURT ADMINISTRATOR, ET AL., APPELLEES.

[Cite as *State ex rel. Warren v. Warner* (1999), 84 Ohio St.3d 432.]

(No. 98–1705—Submitted December 15, 1998—Decided February 10, 1999.)

*Frank Warren,* pro se.

*Robert D. Horowitz,* Stark County Prosecuting Attorney, and *Scott R. Peipho,* Assistant Prosecuting Attorney, for appellees.

*Per Curiam.*   Warren asserts that the court of appeals erred in dismissing his mandamus action.   For the following reasons, however, we find Warren's claims to be meritless.

First, Warren erroneously based his written records requests to appellees on the FOIA. The FOIA does not apply to state agencies or officers. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 582, 669 N.E.2d 835, 838; Sections 551(1) and 552(f), Title 5, U.S.Code.

Second, to the extent that Warren had already been provided some of the requested records, his mandamus claim was moot. *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537; cf., also, *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 326, 691 N.E.2d 275, 276, noting that "[o]nly one copy of [a] transcript of [a] criminal trial need be provided to an indigent criminal defendant."

Third, appellees had no duty under R.C. 149.43 to create documents to meet Warren's demands. *State ex rel. Wilson–Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 42, 693 N.E.2d 789, 793; *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 198, 580 N.E.2d 1085, 1086.

Finally, appellees had no duty to transmit copies of the requested records by mail to Warren. *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134.

Based on the foregoing, the court of appeals properly dismissed Warren's mandamus action. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.