[Cite as *State ex rel. Morabito v. Cleveland*, 2012-Ohio-6012.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98829**

## STATE, EX REL. DEBORAH MORABITO

RELATOR

vs.

## CITY OF CLEVELAND, ET AL.

RESPONDENTS

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion Nos. 459559, 460360, 460701
Order No. 460900

**RELEASE DATE:**    December 19, 2012

**ATTORNEYS FOR RELATOR**

Matthew M. Nee
Stephen D. Bittinger
Nee/Bittinger, L.L.C.
27476 Detroit Road, Suite 104
Westlake, Ohio 44145

**ATTORNEYS FOR RESPONDENTS**

Barbara A. Langhenry
Interim Director of Law
William M. Menzalora
Assistant Director of Law
Alejandro V. Cortes
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

JAMES J. SWEENEY, P.J.:

{¶1} On August 20, 2012, the relator, Deborah Morabito, commenced this public records mandamus action against the respondents, the city of Cleveland, Director of Public Safety Martin Flask, and Interim Law Director Barbara Langhenry (hereinafter collectively referred as "Cleveland"). Morabito seeks the videotapes of the sixth floor detention center where her son, James Morabito, was confined from February 18-19, 2011. On October 22, 2012, Cleveland filed a motion to dismiss, inter alia, on the grounds of mootness. This court converted the motion to dismiss to a motion for summary judgment under Civ.R. 56 and set forth a briefing schedule. On November 21, 2012, Morabito filed her brief in opposition, an amended complaint, and a motion for attorney fees. On December 5, 2012, the respondents moved to strike the amended complaint and filed a brief in opposition to the motion for attorney fees. For the following reasons, this court grants the respondents' motion for summary judgment, denies the application for a writ of mandamus, denies the motion for attorney fees, and denies the motion to strike the amended complaint as moot.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} The parties agree that James Morabito was arrested in Cleveland on February 18, 2011, and released the next day. Deborah Morabito asserts that the police used excessive force on her son while he was in custody and that the mistreatment contributed to his death. She states that he suffered from several conditions, including

Tourette syndrome, depression and bipolar disorder; that the police refused to get his medication and beat him; and that subsequently he laid down on a road and was runover by a motor vehicle on April 16, 2011.

{¶3} Pursuant to a Schedule of Records Retention and Disposition, adopted in 2008, surveillance video and audio recordings in Cleveland police district buildings are retained for 30 days. (Ex. A-1 to Cleveland's December 5, 2012 filing.) Upon the expiration of the 30-day retention period, Cleveland's DVR devices are programmed to automatically overwrite the recorded data. This is a continuous process for all such data, and the data is preserved only if there is a specific request for video footage. (Paragraph 5 of affidavit of Public Safety Systems Manager Quenton Cantionez.) In the instant case, Cleveland Police Lt. David Carroll on February 22, 2011, requested various camera views of the detention center for February 18, 2011, between 6:00 p.m. and 8:00 p.m. Cantionez fulfilled that request the same day.

{¶4} On April 29, 2011, Morabito, through attorney Edwin Vargas, made a public records request for a copy of all videotapes of the sixth floor detention center while James Morabito was confined there. Although the letter request refers to documents, the request does not specify any records other than the videotape. Cleveland replied on May 20, 2011 that it was unable to comply with the request at this time because there was an ongoing investigation.

{¶5} Approximately one year later, on May 2, 2012, Morabito made another public records request for "all documents, papers, written record either physical or

electronic and/or files related to Mr. Morabito's entire detention and/or any investigation into his detention." (Ex. C to the Complaint.)   That same day Cleveland responded to the request by sending 113 pages of records to Morabito.[1]   However, Cleveland did not provide any videotapes, stating that it had not received the tapes, and that there were mechanical difficulties that were being addressed.   On May 18, 2012, Morabito again requested the videotapes.   When Cleveland did not produce them, she commenced this mandamus action.

{¶6}   On August 30, 2012, Cleveland sent a "copy of the videotape that was responsive to the request."   (Paragraph 7 of Kim Roberson's affidavit.)   On or about September 11, 2012, Morabito supplemented her request by asking for records or information on James Morabito's booking, interrogation, discharge, and any other documents to respond to the request for information that had not already been produced. Morabito also noted that the produced videotape did not appear to be complete for James Morabito's entire confinement; she asked Cleveland to determine whether any more videotapes existed.   Morabito confirmed this exchange in an October 2, 2012 letter.

{¶7}   Cleveland responded by producing the records related to James Morabito's booking, discharge, citation, and summons.   In a telephone conversation between Morabito's lawyer and an assistant director of law, it was represented that there were no records related to an interrogation because there was no interrogation; that the city

---

[1] In its cover letter, Cleveland indicated that it redacted certain information pursuant to established exemptions, such as social security numbers.   The redactions are not at issue in this case.

withheld James Morabito's medical records because of federal law requirements, and that the videotape was destroyed approximately 30 days after it was created pursuant to the retention schedule. Morabito's attorney then asked for written confirmation of the following: (1) that there was no interrogation; (2) that the only videotape that ever existed has either been released or destroyed; (3) how, when, and by whom the videotape was destroyed; and (4) whether the tape had been digitally stored and available through forensic retrieval. The attorney also asked for a copy of the retention schedule, the names and ID badges of all police officers that appear in the videotape that has been released, and the medical records upon presentation of the necessary release forms. The attorney memorialized this conversation in an October 12, 2012 letter to the assistant director of law. (Ex. J to the brief in opposition to the motion for summary judgment.)

{¶8} Cleveland filed its motion to dismiss on October 22, 2012, and argued standing, procedural defects, and mootness.[2] Cleveland did not file an answer. The court converted the motion to dismiss to a motion for summary judgment.

{¶9} Morabito responded by her November 21, 2012 filings. Morabito argues that the case is not moot because Cleveland has not confirmed in writing that the videotape was destroyed, and has not explained exactly when and how and by whom it was destroyed, and has not addressed whether the tape was saved to a digital hard drive and

---

[2] Cleveland argued that in the requests, Vargas identified himself as the attorney for James Morabito; thus, Deborah Morabito was not the person making the request and did not have standing to commence the public records mandamus action. Additionally, the "swear to everything" affidavit did not comply with Loc.App.R. 45 and *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402.

could be retrieved. Moreover, Cleveland has not identified the officers in the tape. Nor has it released the retention schedule. Invoking the Civ.R. 15 right to amend the complaint at any time before a responsive pleading is served, Morabito complains that Cleveland violated the public records act, inter alia, by failing to provide a written explanation for the denial of public records. However, the demand for relief seeks to compel Cleveland to immediately make available the requested records for inspection and copying in accordance with R.C. 149.43 along with statutory damages and mandatory attorney fees.

{¶10} In its December 5, 2012 response, Cleveland attached the relevant retention schedule and the affidavit of Cleveland's Public Safety Systems Manager, Quenton Cantionez. In that affidavit, Cantionez swears that after 30 days, Cleveland's DVR devices are programmed to automatically overwrite the recorded date on a continuous basis, and that the recorded data cannot be retrieved once it has been overwritten.

LEGAL CONCLUSIONS

{¶11} Prescinding the issues of standing, pleading defects, and the propriety of the amended complaint, this court concludes that this public records mandamus action is moot. In *Harless v. Willis Day Warehouse Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978), the Supreme Court of Ohio stated the appropriate standard for granting summary judgment:

> Appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is

adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

**{¶12}** Furthermore, when a motion for summary judgment is made, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts establishing the existence of a genuine triable issue. *State ex rel. Flagner v. Arko*, 83 Ohio St.3d 176, 177, 1998-Ohio-127, 699 N.E.2d 62.

**{¶13}** In viewing all the evidence in the light most favorable to Morabito, this court rules that there are no genuine issues of fact to be resolved. The facts before the court are that Cleveland videotapes the detention center. Unless a request is made to save a recording, the video recorder automatically overwrites the recording after 30 days. Once the recording is overwritten, it cannot be retrieved. In the instant case, a request was made for part of the desired recordings within the 30 days; that what was saved was released. Morabito made her request for the video recordings more than 60 days after the incident. There is no evidence that any of the desired recording survived until April 29, 2011, except for that portion that Lt. Carroll requested. Morabito does not set forth specific facts to raise a genuine issue of fact, but through a series of questions endeavors to conjure the specter of doubt. Such questions are not the requisite clear and convincing evidence that more of the recording exists. *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282; and *State ex rel. Chatfield v. Gammill*, 132 Ohio St.3d 36, 2012-Ohio-1862, 968 N.E.2d 477. Furthermore, the other actual record requested,

the retention schedule, has been released.   Cleveland had previously released the other requested records.

{¶14}   The other matters arguably requested in the amended complaint — written confirmation of the following: (1) that James Morabito was not interrogated; (2) that no more of the videotape showing James Morabito exists; (3) the names and ID badges of all police officers that appear in the video;   (4) that other video showing James Morabito existed; and (5) why, how, when, and by whom the video was destroyed — are not authentic public records requests, but requests for information outside the scope of R.C. 149.43.   Under the public records statute, the government has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand.   *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 1997-Ohio-104, 687 N.E.2d 283;   *State ex rel. Mayrides v.Whitehall,* 62 Ohio St.3d 203, 580 N.E.2d 1089 (1991); *State ex rel. Warren v. Warner*, 84 Ohio St.3d 432, 1999-Ohio-475,704 N.E.2d 1228; and *State ex rel. Fant v. Tober*, 8th Dist. No. 63737, 1993 Ohio App. LEXIS 2591.   Nor is there a duty to provide records that no longer exist.  *State ex rel. Chatfield*.   Therefore, the public records claim is moot.   Cleveland has provided all the requested existing, non-exempt records, and has established that the desired videotapes no longer exist.

{¶15} Although Morabito sought statutory damages in her demand for judgment, she is not entitled to them.   First, she did not specifically argue for them in her R.C. 149.43(C) motion.   *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty.*

*Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288. More importantly, there is no evidence before this court that she transmitted her public records request by hand delivery or certified mail. R.C. 149.43(C)(1) conditions an award of statutory damages upon transmitting the request by hand delivery or certified mail.

{¶16} Similarly, the court declines to award attorney fees. Recently, the Supreme Court of Ohio has ruled that an award of attorney fees or statutory damages is dependent upon showing the release of the records is more for the public benefit than for the requester's benefit. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524 ¶ 34; and *State ex rel. Beacon Journal Publishing Co. v. Akron,* 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087. In her motion for attorney fees, Morabito does not proffer a public benefit, other than ensuring the fulfillment of public records duties. This court has ruled that such a proffer is insufficient. *State ex rel. Petranek v. Cleveland*, 8th Dist. No. 98026, 2012-Ohio-2396. Furthermore, the facts of this case indicate the request is for a personal benefit, e.g., an auxiliary discovery tool. Such is an insufficient basis for attorney fees. *State ex rel. Cavanagh v. Cleveland,* 8th Dist. No. 96116, 2011-Ohio-3840.

{¶17} Accordingly, this court grants the respondents' motion for summary judgment, denies the application for a writ of mandamus, and denies the relator's motion for attorney fees. Respondents to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶18}** Writ denied.

___

JAMES J. SWEENEY, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR