[Cite as *Warchol v. Superintendent of Washington Local School Dist.*, 2022-Ohio-3140.]

| | |
|---|---|
| BRITTANY WARCHOL | Case No. 2021-00698PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| SUPERINTENDENT OF WASHINGTON LOCAL SCHOOL DISTRICT | |
| Respondent | |

{¶1} The Public Records Act requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides an expeditious and economical procedure to resolve public records disputes in the Court of Claims.

{¶2} On September 30, 2021, requester Brittany Warchol made a public records request to respondent Superintendent of Washington Local School District Kadee Anstadt (the Superintendent) as follows:

This is a request for information filed under the Freedom of Information Act.

I request that you provide me with *all documents regarding the following topic*: COVID-19, Certifications, School Funding, and HVAC system maintenance. Documentation to include e-mail communication via work account as well as private e-mails used to conduct business, letters, logs, Doctorate Degree (MD), as well as internal communication. Correspondence between Kadee Anstandt and the Department of Education, Kadee Anstandt and the Department of Health/ Ohio Health Department, as well as Kadee Anstandt and Governor Mike DeWine, and Kadee Anstandt and all serving members of the school board and any other pertinent entity.

I am requesting copies of **all** correspondence dated 08/01/2018 – 11/01/2021 in regards to *COVID-19, Grant Funding, Emergency/Safety*

> *response plan in regards to a "pandemic, epidemic, or communicable viral disease."* Response plan to include any resources or educational material in which the plan was set forth upon. Communication to include but not be limited to masks, vaccinations, and documentation showing school officials to include, Superintendent Kadee Anstadt and all governing members of the school board having the rights under the law to prescribe, advise, recommend, administer OR dispense for compensation of any kind, direct or indirect, a drug or medicine, as well as treatment, of whatever nature for the cure of a disease or infirmity. Grant funding under ESSER, ARP ESSER, as well as GEER funding to include but not limited to the use of said funds up until this request whether it be a pending approval or purchased. My final request at this time, all documentation in regards to HVAC system maintenance logs.

(Emphases, grammar, and spelling *sic.*) (Complaint at 3-4.) Anstadt responded on October 6, 2021 that the school district was not subject to FOIA, that portions of the request were ambiguous and overbroad, and invited Warchol to narrow her requests. Anstadt advised there were no responsive records regarding Anstadt or board members advising or prescribing medical treatment for compensation and provided Warchol with a copy of the district's public records policy. (*Id.* at 5-6.) On October 7, 2021, Warchol replied she did not believe that any of her request was ambiguous or overly broad and made a request for the district records retention schedule. (*Id.* at 7-8.) On October 18, 2021, Anstadt advised there had been no emails between her and the governor, and asked Warchol to revise her request for email using a narrower topic than "pandemic." (*Id.* at 8-9.) On October 20, 2021, Warchol clarified that she was "requesting documentation showing Ms. Kadee Anstadt has a doctorate degree in the field of Medicine (MD), and that her request for "all correspondence dated 08/01/2018 – 11/01/2021 in regards to COVID-19 [excludes] communication to students and families." This email provided a few more specific topics of requested correspondence. (*Id.* at 9-10.) On November 15, 2021, Anstadt provided a set of HVAC records. (*Id.* at 11.) On November 19, 2021, Warchol stated she had not yet received the records requested on

September 30th.[1] (*Id.* at 12.) On December 1, 2021, Anstadt referred Warchol to responsive "district COVID data * * * posted weekly on the district website and [] reported monthly at Board of Education meetings," again declined as overly broad the requests for emails, and reiterated that the office had no records responsive to the "practice of medicine" questions. (*Id.* at 4-5; Response, Anstadt Aff., Exh. 8.) The parties ended most of these communications with offers to meet and discuss the request, with no indication that any meeting ever took place.

{¶3} On December 6, 2021, Warchol filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by the Superintendent in violation of R.C. 149.43(B). Following partially successful mediation, the Superintendent filed a motion to dismiss (Response) on August 9, 2022.

**Burden of Proof**

{¶4} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**Motion to Dismiss**

{¶5} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*,

---

[1] Additional text following Warchol's signature line in this email (Complaint at 12-13) consists of questions and requests for information in a "form" that she asks the board of education to review and sign. Because this form is not directly referenced in the text of the complaint and does not appear at all in the Superintendent's copy of the email (Response, Anstadt Aff. – Exh. 7), the Special Master does not construe this material as either a proper public records request, or properly pled as a claim herein.

76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10. The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶6} The Superintendent moves to dismiss the complaint on the grounds that, 1) Warchol's request was made under the federal Freedom of Information Act and is therefore unenforceable against a state public office, 2) Warchol's claims are moot to the extent records have been produced, and 3) the ambiguous and/or overly broad portions of a request do not create a duty for a public office to produce records.

### The FOIA Does Not Apply to Ohio Government Offices

[T]he FOIA does not apply to nonfederal entities like Akron. Sections 551(1) and 552(f), Title 5, U.S. Code; *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002 Ohio 7041, 781 N.E.2d 163, P32.

*State ex rel. Carr v. Akron,* 112 Ohio St. 3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 33. *Accord State ex rel. Warren v. Warner*, 84 Ohio St. 3d 432, 433, 704 N.E.2d 1228 (1999); *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 582, 669 N.E.2d 835 (1996); *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 9-10. Warchol's first message of September 30, 2021, is titled **FOIA REQUEST** and begins: "This is a request for information filed under the Freedom of Information Act." (Complaint at 3.) The request makes no mention of the Ohio Public Records Act, R.C. 149.43, and near its conclusion adds, "I anticipate you contacting me per section 16 of the FOIA; Duty to provide advice and assistance." (*Id.* at 4.) Despite the Superintendent's response that FOIA "does not apply to Washington Local Schools" (*Id.* at 5), Warchol did not correct her basis for the request in subsequent correspondence other than to offer "my apologies for you acting like the same thing isn't in Ohio's Revised Code 149.43 section (B)(2)" (Complaint at 8), and noting in the complaint that the Superintendent stated "she did not

understand the information I was requesting and that it was based off of R.C. 149.43, 'ambiguous and overly broad.'" (*Id.* at 1.)

{¶7} After noting the FOIA issue, the Superintendent advised Warchol of defenses that she believed would apply were the request made under the Ohio Public Records Act but then attempted to provide responsive records. (Complaint at 6 – 10/6/21 email.) Although her wording is not clear, Warchol then appeared to concede that the request must be made under the Public Records Act and the Superintendent appeared to accept that the request was now properly made under Ohio law. The Special Master therefore recommends the court deny the motion to dismiss based on this ground.

{¶8} The Special Master finds that mootness, ambiguity, and overbreadth are partially apparent on the face of the complaint, as noted below. However, for concision and because the matter has been fully briefed, the Special Master recommends the court deny the motions to dismiss on these grounds and proceed on the merits.

### Mootness

{¶9} In an action to enforce R.C. 149.43(B), a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. The record shows the Superintendent provided the following records to Warchol prior to the filing of the complaint:

> November 15, 2021 – approximately 70 pages of documentation in regards to HVAC system maintenance logs. (Complaint at 11; Response, Anstadt Aff. at ¶ 7.)

The Special Master finds the claim is moot as to the requests for these records.

{¶10} The Superintendent attests that she provided the following additional records to Warchol after the filing of the complaint:

> January 25, 2022 – district records retention schedule. (Response, Anstadt Aff. at ¶ 10.)

> April ?, 2022 – 5,784 pages of emails responsive to search terms requested by Warchol. (Response, Anstadt Aff. at ¶ 12.)

> May ?, 2022 – twelve pages of emails responsive to search terms requested by Warchol. (Response, Anstadt Aff. at ¶ 14.)
>
> December 1, 2021 – With regard to "*documents regarding the following topic*: COVID-19," the Superintendent advised Warchol, "The decisions the district is making are based on local a [*sic*] district COVID data. That data is posted weekly on the district website and is reported monthly at Board of Education meeting." (Complaint at 4.)

The complaint is thus moot to the extent these records satisfy requests for the district records retention schedule (Complaint at 8), a set of narrowed communication requests made during mediation,[2] and COVID-19 data on which district plans were made.

{¶11} New requests made during public records litigation do not relate back to the complaint. There is no cause of action based on violation of R.C. 149.43(B) unless the request was made and denied prior to the complaint. *See Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.). Warchol's requests as revised in mediation are therefore not before the court. Nor do they constitute evidence of the nature or validity of her initial requests.

**Non-Existent Records**

{¶12} "Public records" means records *kept by* a public office. R.C. 149.43(A)(1). A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. An office may establish by affidavit that all existing records have been provided. *State ex rel. Fant v. Flaherty*, 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The public office must clearly deny the existence of the specifically

---

[2] There is no evidence Warchol has waived mediation communications privilege or confidentiality provisions of R.C. 2710.03 and .07. (Sur-reply at 2-3.) See R.C. 2710.02(A)(1); L.C.C.R. Rule 22(A) and (G). Because respondent's disclosure does little more than demonstrate that the parties are capable of greater cooperation and clarification, and there is no apparent prejudice to Warchol, the Special Master does not recommend imposing any penalty for this violation.

requested records. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 56-57.

{¶13} On October 6, 2021, the Superintendent advised Warchol there were no district records regarding medical degrees:

> Your request for "all documentation showing Superintendent Kadee Anstadt, as well as all governing members of the WLS School Board, have the rights under the law to prescribe, advise, recommend, administer, OR dispense a drug or medicine or a medical device or a treatment of any nature for the cure of a disease or infirmity and if compensation was received directly or indirectly for said drugs, medicine, medical devices or treatments" The district does not prescribe or dispense medical devices or treatments for the cure of disease. When authorized by a student's parent or guardian, as confirmed by the prescribing provider, the school district is legally authorized to administer medications. Neither Superintendent Anstadt nor the members of the school board receive compensation for that activity. The records regarding students who receive medication at school are protected from disclosure by both Ohio and federal laws, Ohio Revised Code § 3319.321, 20 USC § 1232g. Therefore the district has no records to disclose that would be responsive to that portion of your request, whether made under FOIA, or if you submit a request under Ohio law.

(Complaint at 5-6; reaffirmed at Complaint, p. 9.) On October 18, 2021, the Superintendent advised that "I have not sent or received a single email directly from the Governor of Ohio so there is no record to send you." (Complaint at 9.)

{¶14} When a public office asserts that it has no additional records in its possession, the burden is on the requester to prove by clear and convincing evidence that the records it requests do exist and are maintained by that office. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394 2019-Ohio-1216, 128 N.E.3d 179, ¶ 5-10. The office's assertion may be rebutted by evidence showing a genuine issue of fact, but a requester's mere belief based on inference and speculation does not constitute the evidence necessary to establish that a document exists as a record. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26.

**{¶15}** In response to the above notifications, Warchol has not shown or asserted in subsequent correspondence or the complaint that additional records exist responsive to these requests. The Special Master finds that Warchol has not shown by clear and convincing evidence that additional records exist responsive to the above requests in the hands of the Superintendent. This is not an affirmative finding that no such records exist or ever existed, only that Warchol has failed to meet her burden to prove their existence in at the time of this request by the requisite quantum of evidence.

### No Obligation to Provide Answers to Questions or Search for and Assemble Dispersed Information

**{¶16}** Requests such as "include any resources or educational material in which the [COVID-19 response] plan was set forth upon [*sic*]" (Complaint at 4), and "Proof that masks are safe and effective" (*Id.* at 9), and "Proof that Vaccines are safe and effective" (*Id.*) are not authentic public records requests, but improper requests for information.

> Under the public records statute, the government has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand. *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 1997 Ohio 104, 687 N.E.2d 283; *State ex rel. Mayrides v. Whitehall*, 62 Ohio St.3d 203, 580 N.E.2d 1089 (1991); *State ex rel. Warren v. Warner*, 84 Ohio St.3d 432, 1999 Ohio 475, 704 N.E.2d 1228; and *State ex rel. Fant v. Tober*, 8th Dist. No. 63737, 1993 Ohio App. LEXIS 2591.

*State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 14. The Special Master concludes that the Superintendent had no duty under the Public Records Act to research and compile information in response to these questions.

### Ambiguous and Overly Broad Requests

In general,

> No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time. The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make

> these records available for inspection and to provide copies when requested within a reasonable time.

*State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 289, 358 N.E.2d 565 (1976). However, an ambiguous or overly broad request does not trigger an office's duty to make records available in the first instance. It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that does not reasonably identify what public records are being requested may be denied. R.C. 149.43(B)(2). *See generally Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 22-29. Judicial determination of whether an office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

{¶17} The portions of Warchol's request that have not been rendered moot through production of records are ambiguous and overly broad in multiple, overlapping ways. Her first "request for information" seeks "*all documents containing information regarding*" the very broad topics of COVID-19, unspecified "Certifications," "School Funding," and "HVAC system maintenance," unbounded by any time period in which the records were created or received. (Complaint at 3-4.) The next section of the request is for e-mail communication regarding the same topics and all correspondence between the Superintendent, various state offices and officials, and "all serving members of the school board and any other pertinent entity." (*Id.*) The second full paragraph of the request requests "copies of all correspondence," i.e., paper, electronic, and any other fixed medium, for a three-year period "in regards to" any response plan and funding in connection with the COVID-19 pandemic.

{¶18} "All documents containing information regarding" is a phrase of complete inclusion that improperly asks for *everything* to do with these broad areas of school district health and safety.

> A general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist. 1989). After noting that the relator's request for all complaint and litigation files "covered a lengthy period of time – at least six years," the Supreme Court in *Zidonis* affirmed that

> [i]n identifying records for purposes of presenting a viable request, the Public Records Act "does not contemplate that any individual has the right to a complete duplication of voluminous files kept by government agencies." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 624, 1994 Ohio 5, 640 N.E.2d 174 (1994), citing *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (1989).

*Zidonis* at ¶ 21. See also *State ex rel. Dissell v. Cleveland*, 8th Dist. Cuyahoga No. 110425, 2021-Ohio-2937, ¶ 20; *Salemi v. Cleveland Metroparks*, 8th Dist. Cuyahoga No. 100761, 2014-Ohio-3914, ¶ 26 (all checks, agreements, meeting minutes, emails, and letters relating to golf course marketing). Compare *State ex rel. Carr v. London Corr. Inst.*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 25-29 (request for communication between one person and a specific department for two months was found not overly broad).

**{¶19}** The Superintendent attests that the original request for communications on these topics would result in more than 100,000 emails. (Response, Anstadt Aff. at ¶ 5.) She noted that even the word combination requests proposed during mediation often returned tens of thousands of pages. (*Id.* at ¶ 11.) Based on the evidence submitted, the Special Master finds that Warchol's request amounts to an improper demand for the complete duplication of voluminous files.

**{¶20}** Separately, a public records request is unenforceable if it is too vague or indefinite to be properly acted on by the records holder. *State ex rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶ 4, 18, *aff'd*, 127 Ohio St.3d 312, 2010-

Ohio-5711, 939 N.E.2d 831. As used here, the demand for records "regarding" or "in regards to" the listed broad topics is independently sufficient to render the request ambiguous and overly broad. Indeed, without sufficient specificity as to the particular records sought a court cannot issue an order for production of specific responsive records or determine and enforce non-compliance therewith. *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *Accord State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13-AP-779, 2014-Ohio-1848, ¶ 23-27; *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-3651, ¶ 6-7, adopted by *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-4363, cited with approval in *Barnes v. Cleveland Div. of Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 43 (8th Dist.). Compare *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 23-27 (A request for email is not overly broad if it is reasonably circumscribed by time period, subject matter, author or sender/recipient, and the like). The special master finds that the request for three years of all communication records "regarding" or "in regards to" a list of broad topics is improperly ambiguous and fails to reasonably identify the records sought.

{¶21} A request is ambiguous and overly broad when it amounts to a research assignment throughout voluminous records of the office. Warchol's request requires the Superintendent to comb through all communications records to evaluate their "relation" to any aspect of the topics - rather than retrieve communications reasonably identified by a short time frame, specific correspondents, clear subject matter or search terms, and the like. A public office is not obliged to individually "seek out and retrieve those records which would contain the information of interest to the requester." *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3 (April 28, 1993). See *Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10-11, 19-22 (request to retrieve records containing selected information, and cull out the ones requester did not want); *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga*

*Metro. Hous. Auth.*, 190 Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11, 941 N.E.2d 807 (8th Dist.) (request for records containing information about personal injury claims), rev'd in part on other grounds, 131 Ohio St. 3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-15 (request for "[a]ny and all email communications * * * which reference * * * the 'evidence-based model' or education funding in general") (first ellipsis sic). A request for communications is ambiguous or overly broad when it identifies correspondents only as belonging to titles, groups or categories for which research is required to establish their membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St. 3d 1694, 2005-Ohio-6763, 840 N.E.2d 201; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 11.

{¶22} A broad discovery-style demand to conduct an officewide search for records is often improper when submitted as a public records request. *State ex rel. Thomas v. Ohio State Univ*. 71 Ohio St.3d 245, 246, 1994-Ohio-261, 643 N.E.2d 126 (1994), cited with approval in *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10; *State ex rel. Thomas v. Ohio State Univ*. 70 Ohio St. 3d 1438, 638 N.E.2d 1041 (1994); *Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 22. On their face, Warchol's requests make sweeping, discovery-style demands rather than reasonably identifying the particular records sought. They require the Superintendent to comb through all office records for communications that are in any way "related to" broad subjects, regardless of a record's location or the nature of its "relation" to the functions, operations, relationships, communications, etc. referenced in the requests. *Zidonis* at ¶ 21, 26; *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001). *Accord State ex rel. Chasteen v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13-AP-779, 2014-Ohio-1848, ¶ 23-27; *DeCrane v. Cleveland*, Ct. of Cl. No. 2018-00358PQ, 2018-Ohio-3651, ¶ 1, adopted by *DeCrane v. Cleveland*, Ct.

of Cl. No. 2018-00358PQ, 2018-Ohio-4363, cited with approval in *Barnes v. Cleveland Div. of Records Admin.*, 2021-Ohio-212, 167 N.E.3d 51, ¶ 43 (8th Dist.). For the reasons set forth above, the Special Master finds that the September 30, 2021 request and follow-up communications, other than as noted below, are ambiguous, overly broad, and fail to reasonably identify the records sought.

### Embedded Request

{¶23} Part of Warchol's request narrowed her overly broad request for "all correspondence dated 08/01/2018 – 11/01/21 in regards to * * * Grant Funding" to specify the following:

> Grant funding under ESSER, ARP ESSER, as well as GEER funding to include but not limited to the use of said funds up until this request whether it be a pending approval or purchased.

(Complaint at 4.) Warchol further clarified this request as including only correspondence regarding,

- Amount of funds received
- Any stipulations of funding
- Pending approval of funds
- Previous usage of funds

(Complaint at 10.) Although the request is worded as one for records over a period of three years, the Superintendent advises that the referenced funds did not become available until sometime in early 2020, reducing the effective time period to a year and a half. (Response at 3.) The Special Master finds that this embedded request for records of the amounts and use of funds from specific grant funding sources during a limited period is sufficiently specific to "reasonably identify what public records are being requested." R.C. 149.43(B)(2). The Superintendent has not asserted any exemption for these records, and they must therefore be produced.

### Further Revision of Request

**{¶24}** This conclusions in this report do not restrict Warchol from filing properly revised requests for additional records. During mediation Warchol provided narrowed requests and the Superintendent produced thousands of pages of responsive records. Under similar circumstances, courts have encouraged parties to persevere to achieve a mutually acceptable resolution of currently deficient records requests. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-19. The parties here have demonstrated the ability to negotiate, clarify, and produce at least some of the records sought. The General Assembly provides statutory tools to optimize the scope, speed, format, economy, and delivery of public records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9). The parties are encouraged to cooperate fully in negotiating future revisions using those tools.

**Conclusion**

**{¶25}** Upon consideration of the pleadings and attachments, the Special Master recommends the court deny the motion to dismiss on the basis of requester's initial reliance on the federal Freedom of Information Act as authority for her requests. The Special Master further recommends the court order respondent to produce all records responsive to the request for specified records of ESSER, ARP ESSER, and GEER funding. The Special Master further recommends the court find that all sufficiently specific requests have been rendered moot and deny the claim for any further production of records. The Special Master recommends the court find that no other violation of R.C. 149.43(B) has been shown. It is recommended costs be assessed equally between the parties.

**{¶26}** *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption*

*of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed August 31, 2022**
**Sent to S.C. Reporter 9/8/22**