**INGRAHAM, Appellant,**

v.

**RIBAR, Sheriff, Appellee.**

[Cite as *Ingraham v. Ribar* (1992), 80 Ohio App.3d 29.]

Court of Appeals of Ohio,
Medina County.

C.A. No. 2059.

Decided May 13, 1992.

*Roger R. Ingraham, pro se.*

*John N. Porter,* for appellee.

CACIOPPO, Presiding Judge.

This case is before the court on the trial court's denial of the petitioner Roger R. Ingraham's request for a writ of mandamus to compel the respondent, John Ribar, the Sheriff of Medina County, to release records relating to the 1977 death of Pamela Terrill. Petitioner brought the suit pursuant to R.C. 149.43, commonly referred to as the "Public Records Act."

Following the commencement of this suit, the respondent released numerous documents requested by the petitioner, but refused to release other

documents, claiming that they were excepted under R.C. 149.43. The trial court denied the petitioner's application for a writ of mandamus, holding that the respondent had met the burden of demonstrating that the materials in question were not subject to disclosure under R.C. 149.43.

### Assignment of Error I

"The court erred in refusing to permit an examination of the balance of the records in the possession of the sheriff."

To secure a writ of mandamus in the case at bar, the petitioner must demonstrate (1) a clear right to the relief prayed for; (2) respondent is under a clear legal duty to perform the acts; and (3) petitioner has no adequate remedy in the ordinary course of law. *State ex rel. Cincinnati Post v. Schweikert* (1988), 38 Ohio St.3d 170, 172, 527 N.E.2d 1230, 1231, rehearing denied (1988), 39 Ohio St.3d 603, 529 N.E.2d 1271.

The petitioner asserts that the records in question are public records under R.C. 149.43, which provides that such records shall be prepared and be made available to the public. R.C. 149.43(A)(1) defines a public record as:

" * * * any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law."

The respondent asserts that the materials in question are excepted from disclosure by R.C. 149.43(A)(2) and (4), which provide:

"(2) 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

" * * *

"(4) 'Trial preparation record' means any record that contains information that is specifically complied in reasonable anticipation of, or in defense of, a civil or criminal action or proceeding, including the independent thought processes and personal trial preparation of an attorney."

When a governmental body asserts that public records are excepted from disclosure and this assertion is challenged, the court must undertake an individualized scrutiny of the documents in question. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus, rehearing denied (1988), 39 Ohio St.3d 701, 534 N.E.2d 92. Law enforcement records must be disclosed unless they are excepted from disclosure by R.C. 149.43. *Id.* at paragraph one of the syllabus. A governmental body refusing to release records has the burden of proving that records are excepted from disclosure by R.C. 149.43. *Id.* at paragraph two of the syllabus.

To determine whether records are exempt from public disclosure pursuant to R.C. 149.43, a two-step analysis is required. *State ex rel. Polovischak v. Mayfield* (1990), 50 Ohio St.3d 51, 52, 552 N.E.2d 635, 636. First, it must be determined whether the records are confidential law enforcement records. *Id.* Second, it must be determined whether release of the records would create a high probability of disclosure of one of the four types of information specified in R.C. 149.43(A)(2). *Id.;* see, also, *State ex rel. Jacobs v. Prudoff* (1986), 30 Ohio App.3d 89, 30 OBR 187, 506 N.E.2d 927.

The primary exceptions relied upon by the respondent are R.C. 149.-43(A)(2)(a), (A)(2)(c) and (A)(4).

R.C. 149.43(A)(2)(a) exempts records that identify a suspect who has not been charged or information sources whose confidentiality has been reasonably promised. We have reviewed all of the documents identifiable from the record which the respondent asserts identify a suspect and find that all but one do in fact identify a suspect. The statute, by referring to suspects, was intended to except documents that identified persons who were subject to ongoing investigation as to which no public arrest or citation had yet been taken. *State ex rel. Thompson Newspapers, Inc. v. Martin* (1989), 47 Ohio St.3d 28, 29, 546 N.E.2d 939, 941. The remaining document, identified as "Document DD," a manila folder bearing the title "Preterm Clinic," contains a list of Preterm Clinic employees and as such does not appear to identify a

suspect. Nor is there any indication that the person providing the list or the persons thereon were promised confidentiality. Accordingly, this document should be disclosed to the petitioner.

■ The respondent further seeks protection under R.C. 149.43(A)(2)(c), which protects confidential investigatory techniques or procedures or specific investigatory work product, and R.C. 149.43(A)(4), which protects trial preparation records. The specific work product exception protects an investigator's deliberative or subjective analysis, interpretation of the facts, theory of the case, and investigative plans. *State ex rel. Natl. Broadcasting Co., supra,* at paragraph three of the syllabus. This exception does not encompass the objective facts and observations an investigator has recorded. *Id.* Factual material cannot be cloaked in secrecy under the guise of the work product exception. *State ex rel. Jester v. Cleveland* (Jan. 17, 1990), Cuyahoga App. No. 56438, unreported, at 11, 1991 WL 3545, affirmed in *State v. Williams* (1992), 64 Ohio St.3d 544, 597 N.E.2d 147. Investigatory plans, on the other hand, generally note steps that should be or will be taken to further the investigation. *Jester* at 12.

As to the trial preparation record exception contained in R.C. 149.43(A)(4), the Supreme Court of Ohio has held that this exception is strictly limited in nature and that records compiled for multiple purposes do not qualify as trial preparation records. *State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 564 N.E.2d 81.

■ We have reviewed all of the documents identifiable in the record which respondent argues are protected from disclosure by R.C. 149.43(A)(2)(c) and (A)(4) and conclude that all but two are covered by the exceptions. The two documents in question, one entitled "General Findings of Investigative Report" and one beginning with the words "On August 23, 1976, the nude body," are both recitations of objective facts and observations made by investigators and do not appear to be properly excludable under R.C. 149.-43(A)(2)(c). Nor do they appear to have been specifically prepared for trial so as to be excludable by R.C. 149.43(A)(4). Accordingly, it is ordered that these documents be turned over to the petitioner.

Respondent contends that the remaining documents identifiable from the record are excepted from disclosure by R.C. 149.43(A)(2), which protects confidential informants, and R.C. 149.43(A)(3), which exempts medical records. A review of these records supports the respondent's contention.

The remaining document is assertedly excepted by Section 20.33(A)(3), Title 28, C.F.R. A review of this regulation, which restricts the dissemination of

LEADS computer information, discloses that allowing the petitioner access to the document in question would be in direct contravention of the regulation.

The task of this court in reviewing the subject documents has been an arduous one. Given the state of the documents in question due to the respondent's and the trial court's inability to organize the documents in an effective manner, this court is unable to identify some of the documents withheld from the petitioner, as identified in the respondent's final position paper. Accordingly, as it is the respondent's burden to establish that these records fall within the R.C. 149.43 exceptions, these documents must be released. These documents are identified in the respondent's final position paper as:

"one page handwritten list of names and addresses, not given, specific confidential investigatory technique or procedure or special investigatory work product.

"3 pages 8½" x 11" handwritten notes, not provided, specific confidential investigatory technique or procedure or specific investigatory work product, 149.43(A)(2)(c)."

Accordingly, the first assignment of error is well taken in part. It is hereby ordered that the trial court compel the respondent to make available to the petitioner the aforementioned five documents not properly excluded by R.C. 149.43.

### Assignment of Error II

"The court erred in failing to award reasonable attorney fees in regard to the institution of this mandamus action."

■ R.C. 149.43(C) does not authorize compensation to *pro se* litigants. *Fant v. Bd. of Trustees* (1990), 50 Ohio St.3d 72, 552 N.E.2d 639, rehearing denied, 51 Ohio St.3d 705, 555 N.E.2d 322, certiorari denied (1990), 498 U.S. 967, 111 S.Ct. 429, 112 L.Ed.2d 413.

The second assignment of error is overruled.

### Assignment of Error III

"The court erred in not conducting a trial in regard to the mandamus action."

■ The petitioner contends that the court erred in ruling on the public records issue without a trial.

As noted in the journal entry, the trial court had before it all of the documents in the possession of the respondent along with a detailed statement outlining whether each item had been provided to the petitioner. The parties

were to arrive at stipulations concerning what documents had been provided, yet failed to do so. These factors, coupled with the limited nature of the issue before the trial court in determining the nature of the subject records, convince us that the trial court did not commit prejudicial error by ruling on this issue without conducting a trial.

The third assignment of error is overruled.

The petitioner's request for a writ of mandamus is well taken in part. The case is hereby remanded to the trial court for the issuance of a writ of mandamus to compel the respondent to make available to the petitioner the five documents set forth in the first assignment of error.

*Judgment accordingly.*

REECE and COOK, JJ., concur.