[Cite as *Little Turtle Civic Assn., Inc. v. Columbus*, 2021-Ohio-4439.]

| | |
|---|---|
| LITTLE TURTLE CIVIC ASSOC., INC. | Case No. 2021-00370PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF COLUMBUS | |
| Respondent | |

{¶1} This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the Ohio Public Records Act, R.C. 149.43. On May 14 and May 19, 2021, Debi Abbott, an officer of requester Little Turtle Civic Association, Inc. (LTCA) made five separate public records requests to officials of respondent City of Columbus relating to the repaving and repair of Little Turtle Way. (Complaint at 1-2 and referenced Exhibits.) The City provided a number of responsive records. (*Id.*)

{¶2} On July 7, 2021, LTCA filed a complaint pursuant to R.C. 2743.75 alleging that the City had denied access to public records in violation of R.C. 149.43(B)(1), (3), and (7) with respect to four of the requests. The case was referred to mediation. In her September 24, 2021 Entry, the mediator reported the parties had agreed that

> the only request that has not been resolved is found in Exhibit 2 (page 4 of 38 of the complaint), the response to which is found in Exhibit 10 (page 18 of 38 of the complaint). All other requests have been satisfied.

On October 6, 2021, the City filed a response to the complaint. On October 7, 2021, LTCA filed a memorandum contra motion to dismiss (Reply) and on October 15, 2021 filed affidavits in support. The City filed a sur-reply on November 1, 2021.

**Suggestion of Mootness**

{¶3} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878,

950                              N.E.2d                                  952,
¶ 18-22. Based on the agreement of the parties, the special master finds that LTCA's claims for production of records other than the request contained in Exhibit 2 are moot.

{¶4} The City asserts that the request in Exhibit 2 (Request No. 2), as clarified by LTCA on May 19, 2021, is also moot due to production of all responsive records. (Response at 3-4, Blevins Aff. at ¶ 9.) LTCA contends that additional responsive records exist.

**Request No. 2**

{¶5} On May 14, 2021, Debi Abbott of LTCA made a request to Columbus City Clerk Angie Blevins as follows:

> I am requesting an opportunity to inspect or obtain copies of public records for copies of all communications between Mo Dion and any officers or city lobbyists of Firewater LLC and the Stonehenge Development Company, and all Columbus city council members and their staff from 2015 through the present, 2021.

(Complaint, Exh. 2.) On May 18, 2021, Blevins sought clarification of the request:

> I am writing to confirm receipt of your public records request #2 below, dated May 14, 2021.
>
> Do you have names of the officers or city lobbyists of Firewater LLC and the Stonehenge Development Company that you would like included in this request?
>
> Once I receive your reply, I will forward the request to the Council Member offices.
>
> They will compile any records that are responsive to your request and I will let you know when they are available.

(*Id.*, Exh. 6.) On May 19, 2021, Ms. Abbott responded with the names "Mo Dioun, Mina Dioun, Adam Troutner and Andrew Ginther." (*Id.*, Exh. 7.) Later the same morning, Blevins sought further clarification:

> Ms. Abbott, Are you asking for emails from Mayor Ginther's office to City Council members, or are you suggesting that he would have been a lobbyist or officer for one of these organizations?

(*Id.*, Exh. 9.) Blevins attests that she received no answer to this question (Response, Blevins Aff. at ¶ 7) but later wrote that

> Upon seeing the Mayor's name listed with the other individuals, I asked for further clarification and [Abbott] stated that she is also asking for any email exchanges between Council and the Mayor re: the Little Turtle Way/161 project.

(Reply, Cbus000609-Cbus000610.) On May 28, 2021, Blevins advised Abbott:

> Please see the email below in response to your public records request dated 5/14/2021. I am still waiting for a few responses to see if anyone has anything that is responsive to your request. I will forward others via separate email as I receive them.

(Complaint, Exh. 10.) Blevins sent no further communication records and attests that

> [o]ther than the record identified as Exhibit 10, there are no additional records maintained by City Council that are responsive to the public records request identified as Exhibit 2 and clarified by Debi Abbott in Exhibit 7.

(Blevins Aff. at ¶ 9.)

**Burden of Proof**

{¶6} The Ohio Public Records Act, R.C. 149.43, is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. The requester in an enforcement action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). This begins with an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. If the respondent asserts that no additional records exist, the burden is on the requester to show that records do exist. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d

394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8. A requester's mere belief in the existence of additional records does not constitute the clear and convincing evidence necessary to establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13.

**Requester's Evidence**

{¶7} LTCA obtained Bates-numbered records in separate litigation and offers them as evidence that the City withheld responsive records. (Reply at 3-8.) The documents consist of three email strings:

Blevins-Harden email string (Cbus000609-Cbus000610)

This string consists of 1) a May 20, 2021 request sent by Blevins to email distribution lists of council aides and legislative assistants stating, in pertinent part:

> Please see the public records request below for your review. After consulting with Lara Baker-Morrish, I asked Ms. Abbott for the names of lobbyists and officers in question and this was her response: Mo Dioun, Mina Dioun, Adam Troutner and Andrew Ginther

> Upon seeing the Mayor's name listed with the other individuals, I asked for further clarification and she stated that she is also asking for any email exchanges between Council and the Mayor re: the Little Turtle Way/161 project,

2) the May 28, 2021 response of Tyneisha Harden that "I do have emails on this topic with public service staff, but no emails with the mayor. I just want to clarify that those don't need to be included," and 3) Blevins' reply that "Yes, you are correct. Only emails with those individuals are being requested."

Burgess-Liban email string (Cbus000603-Cbus000604)

This string consists of a June 9, 2021 notice from legal assistant Charisse Burgess to legislative assistant Anisa Liban regarding persons attending an upcoming meeting needing technical assistance, and three brief follow-up emails on the same topic.

Burgess-Liban email string (Cbus000603)

This string consists of 1) a July 12, 2021 request from Burgess to Liban to confirm "the ordinance number you provided," and 2) the response from Liban giving the number and offering information as to legislative progress of the ordinance.

**Respondent's Evidence**

{¶8} The City asserts that the Burgess-Liban emails are not responsive to the subject matter language of Request No. 2 as modified. The special master finds it unnecessary to address this defense as the temporal non-responsiveness of the records is manifest on their face. The Burgess-Liban emails were all created after the request was made. As detailed below, public records requests are not prospective or continuing in nature, and these subsequently created records are therefore non-responsive.

{¶9} The City offers the testimony of Tyneisha Harden that while the council member she served "did have emails about the Little Turtle Way/161 project with employees of the City of Columbus, Department of Public Service" (Sur-reply, Harden Aff. at ¶ 6), her office did not have "any emails with Mayor Andrew Ginther about the Little Turtle/161 project" (*Id.* at ¶ 4) or "any email communication with Mo Dioun, Mina Dioun, Adam Troutner, or Mayor Andrew Ginther about the Little Turtle Way/161 project." (*Id.* at ¶ 5.) The City asserts that the emails Harden found "on this topic with public service staff," not with the named lobbyists, were not responsive to Request No. 2. (Sur-reply at 1-3.)

**Analysis**

Records Created After a Request is Made

{¶10} A requester is entitled to only such records as exist on the date of the request. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 29. Request No. 2 was initially made on May 14, 2021 and was modified into final form on either May 19 or 20, 2021. Any records created after this time do not fall within the reach of the request, and non-

production of later records does not constitute a violation of R.C. 149.43(B). The two Burgess-Liban email strings were created on June 9 and June 12, 2021. They thus do not constitute evidence of the existence of any additional records on the date of the request.

No Evidence of Other Responsive Records

{¶11} A request is ambiguous and overly broad when it identifies correspondents only as belonging to titles, groups, or categories for which research is required to establish membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St.3d 1694, 2005-Ohio-6763, 840 N.E.2d 201. Request No. 2 initially identified only one email correspondent by name, and the rest as anyone belonging to various public offices or corporations. On receipt of the request, the City promptly engaged in the colloquy prescribed by R.C. 149.43(B)(2) to seek revision, resulting in LTCA's replacement of the correspondence source groups with a list of individual names.

{¶12} LTCA could have stood by the original request language and, had it been denied, pursued enforcement. It instead participated in negotiation and revised the request. Therefore, only the revised request is before the court. Harden's response that "I do have emails on this topic with public service staff, but no emails with the mayor" is consistent with the boundaries of Request No. 2 as modified. The special master finds that Request No. 2 as revised (and indeed the initial request language) does not seek correspondence between council members and public service staff, but only between the corporate owner or lobbyists and council members or their staffs.

{¶13} Based on the evidence before the court, the special master finds LTCA has not proven by clear and convincing evidence that additional responsive records existed in the City's files at the time the request was made. This conclusion does not restrict LTCA from crafting additional public records requests for City communications. The courts encourage parties to persevere to achieve a mutually acceptable resolution of

problematic records requests. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-19. The General Assembly provides statutory tools to optimize the scope, speed, format, economy, and delivery of public records. *See* R.C. 149.43(B)(2), (3), (5), (6), (7) and (9). To their credit, LTCA and the City have already demonstrated willingness to negotiate revision of this request. The parties are encouraged to cooperate fully in any future requests or revisions.

**Conclusion**

{¶14} Upon consideration of the pleadings and attachments the special master recommends the court deny requester's claim for production of records as moot. It is recommended that costs be assessed equally between the parties.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed November 30, 2021**
**Sent to S.C. Reporter 12/17/21**