[Cite as *Ryan v. Ashtabula*, 2023-Ohio-621.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JAMES RYAN<br><br>    Requester<br><br>    v.<br><br>CITY OF ASHTABULA<br><br>    Respondent | Case No. 2022-00660PQ, 2022-00665PQ and 2022-00680PQ<br><br>Special Master Todd Marti<br><br><u>REPORT AND RECOMMENDATION</u> |

{¶1} The matters before the Court are the complaints and responses/motions to dismiss filed in each of these cases. The Special Master recommends that:

-    All of Requester's claims in Case 2022-00660PQ be dismissed pursuant to Civ. R. 12(B)(6) and that costs be assessed against Requester.

-    Requester's claims for monetary and declaratory relief in Case 2022-00665PQ be dismissed pursuant to Civ. R. 12(B)(6), that his claim seeking production of records be dismissed as moot, and that costs be assessed against Requester.

-    Requester's claims for monetary and declaratory relief in Case 2022-00680PQ be dismissed pursuant to Civ. R. 12(B)(6), that his claim seeking production of records be dismissed as moot, and that costs be assessed against Requester.

## I.    BACKGROUND

{¶2} These three cases are part of a long running dispute between the parties that escalated to criminal proceedings at one point. The substance of the dispute is immaterial to these cases and hence the Special Master will not address it.

{¶3} Case No. 2022-00660PQ involves several requests for records concerning the facts of the underlying dispute. Requester James Ryan seeks to compel the City of Ashtabula (The City) to produce the records or make certain statements about the non-existence of responsive records, monetary sanctions, and a declaration about a City

official's obligations under her bond and oath of office. *Ohio Court of Claims Public Records Access Formal Complaint*, filed September 7, 2022 (*660 Complaint*), pp. 2- 15.[1]

{¶4} Both Case No. 2022-00665PQ and Case No. 2022-00680PQ concern requests for native format copies of records the City previously produced in PDF or paper formats. Ryan seeks copies of those emails in native format, monetary sanctions, and a declaration about the same City official's obligations under her bond and oath of office. *Ohio Court of Claims Public Records Access Formal Complaint*, filed September 9, 2022 (*665 Complaint*), pp. 2-5; *Ohio Court of Claims Public Records Access Formal Complaint*, filed September 19, 2022 (665 Complaint), pp. 2-5.

{¶5} Mediation was not successful, the cases were returned to the active docket, and were consolidated because they involve common issues of law and fact. *Order*, entered January 12, 2023 (*January Order*). The parties were required to produce additional information pursuant to R.C. 2743.75(E)(3)(c). *Id.*; *Order*, entered February 6, 2023 (*February Order*). That information has either been produced or the time for doing so has expired without a response. *Response to Order of January 12, 2023*, filed January 24, 2023 (*City Response*); *Affidavit*, filed February 14, 2023 (*City Aff.*).

## II. CASE NO. 2022-00660PD

{¶6} This case involves three public records requests and seeks three types of relief. The City has moved to dismiss it pursuant to Civ. R. 12(B)(6). The Special Master recommends that the City's motion be granted.

{¶7} To dismiss a claim under Civ R. 12(B)(6), it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). However, a claim is properly dismissed pursuant to Civ. R. 12(B)(6) if the face of the complaint or its attachments reveal fatal defects in the claim. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11;

---

[1] This report refers to the pagination of all pleadings, motions, and other submissions in the PDF copies posted on the Court's docket rather than to any internal pagination of those filings.

*Radtke v. Chester Twp.*, 2015-Ohio-4016, 44 N.E.3d 295 (11th Dist.), ¶¶ 18, 31-34. Ryan's complaint has such defects.

### A. First Request

{¶8} This request seeks unspecified emails Ryan allegedly sent to the City in 2021, as described in a September 2, 2022 email exchange between a City official (Cooper) and Ryan (referred to as "James"):

> "Sep 2 2022 12:00pm [Cooper] The bills are what they are. they will not be altered. No verbal or written statements will be given to you. We do not accept that either of these people were squatters, <u>nor do you claim so in your emails from 2021</u>. If you want to sue her, do so, but we will not be changing bills.
>
> Sep 2 2022 12:02pm [Ryan] I hereby make the public request for any such email." *660 Complaint, p. 9* (Emphasis sic.)

The face of Ryan's complaint reveals two independently fatal defects in this request.

{¶9} First, Ryan has not pled a request for identifiable records. A requestor invoking R.C. 2743.75 must "plead *** facts showing that the requester sought an *identifiable* public record[.]" *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33 (Emphasis added.) Ryan's request does not point to any particular record, but instead refers to the entire body of emails he sent in 2021. Further, other portions of his complaint illustrate that that body was large and diverse. See *660 Complaint, pp. 21-89*. Ryan sought a whole category of records received over an extended period of time, an overbroad request. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶¶ 4-5, 17-19 (request for all emails for a six-month period overbroad). The Special Master therefore finds that Ryan has failed to plead that he sought sufficiently identifiable records.

{¶10} Although the City apparently violated R.C. 149.43(B)(2) by failing to help Ryan frame a more precise request, that oversight does not warrant relief because Ryan has not raised that violation or sought any relief regarding it. See *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶¶ 10-15.

{¶11} Second, the complaint negates the existence of a valid, pending, request. A requester's right to judicial relief is fixed by the scope of the request pending when the

case is filed. *King v. Dept. of Job & Family Servs.*, Ct. of Cl. No. 2018-00416PQ, 2018-Ohio-3477, ¶ 10.  A public record "plaintiff may not expand the scope of his request" through litigation "once his original request is made." *Coss v. United States DOJ*, 98 F. Supp. 3d 28, 34 (D.D.C.2015) (construing the federal Freedom of Information Act).

{¶12} Ryan's complaint unambiguously states that he withdrew his first request before filing this case. The first request was originally made at 12:02 PM on September 2, 2022, but by 12:21 PM the same day he "replace[d] [the] public record request [he] just sent" with what ended up being the second request underlying this case. *660 Complaint,* pp. 10, 93.  That revised request superseded the first request. *Little Turtle Civic Assoc. v. City of Columbus*, Ct. of Cl. No. 2021-00370PQ, 2021-Ohio-4439, ¶ 12. That first request was never remade and hence was no longer pending when this case was filed on September 7, 2022. It therefore provides no basis for judicial relief.

{¶13} Both of these defects are evident from the face of the complaint and hence support dismissal pursuant to Civ. R. 12(B)(6).

### B.  Second Request

{¶14} Ryan's second request states:

"I replace my public request that I just sent on this thread with:

I hereby request the following:

1. Any emails referred to below by Cooper implying or stating that Mike miller is a tenant
2. Any records supporting that Kat was a tenant after January 15 2022." *660 Complaint, pp. 10, 93.*

This request is facially invalid in two respects.

{¶15} The first numbered part of this request fails because it did not request an identifiable record.  As discussed above, a party invoking R.C. 2743.75 must plead that he requested "an identifiable public record[.]" *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 33. This request, made at 12:21 PM, referred back to Ryan's exchange with Cooper at 12:00

and 12:02 PM, but as previously explained, that exchange referenced a body of emails sent over an extended time. He therefore failed to request an identifiable record.

{¶16} As with Ryan's first request, the City seems to have violated R.C. 143.49(B)(2)'s mandate to help Ryan formulate a proper request, but that violation does not change the outcome of this case because Ryan has not pressed a claim under that subsection. *ESPN, Inc.*, 132 Ohio St.3d 212, ¶¶ 10-15.

{¶17} The second numbered part of this request was not proper because it sought information. Rather than identifying particular records, it effectively sought an explanation for the City's decision in the underlying dispute by requesting otherwise unidentified records "supporting" that decision.   Such requests are beyond the scope of R.C. 149.43. For example, in *Ebersole v. City of Powell*, Ct. of Cl. No. 2018-00478PQ, 2018-Ohio-4597, ¶¶ 32-34; *Wilhelm v. Jerusalem Twp. Zoning*, Ct. of Cl. No. 2020-00342PQ, 2020-Ohio-5283, ¶¶ 7, 9-10.

{¶18} Both of these defects are evident from the face of the complaint and hence support dismissal pursuant to Civ. R. 12(B)(6).

### C.  Third Request

{¶19} Ryan's Third Request was for "<u>accurate</u> [] invoices" reflecting his view of the facts in his underlying dispute with the City. *660 Complaint*, pp. 13-14, 95 (Emphasis in original.)

{¶20} That request is facially invalid because it requests the creation of new records rather than the production of existing records. Public offices "have no duty to create *** nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15; *State ex rel. Cioffi v. Stuard*, 11th Dist. Trumbull No. 2009-T-0057, 2010-Ohio-829, ¶ 21; *Foulk v. City of Upper Arlington*, Ct. of Cl. No. 2017-00132-PQ, 2017-Ohio-4249 ¶ 6, Adopted, 2017-Ohio-5767. This request seeks just that; Ryan asks the City to create new, previously non-existing, records that reflect his view of the facts in the underlying dispute. Therefore, the Special Master finds that it is a facially invalid request, providing grounds for Civ. R. 12(B)(6) dismissal.

### D. Relief Requested

**{¶21}** Ryan's complaint seeks three types of relief. None are available.

**{¶22}** Ryan seeks an order compelling the City to either produce the requested records or to "affirmatively state that the City has diligently looked and has no records at all" that are responsive to his requests. *660 Complaint*, pp. 14-15, ¶¶ 1-3. He is not entitled to the production of records because he has not made proper requests, as explained above. Nor is he entitled to the compelled statements he seeks. R.C. 149.43 addresses the production of records; it does not require a public office to make the types of explanatory statements Ryan seeks. *State ex rel. Morabito v. City of Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶¶ 7, 14.

**{¶23}** Ryan also seeks monetary sanctions against the City. *660 Complaint*, p. 15, ¶ 4. While monetary relief in available in a mandamus action, it is not among the types of relief authorized in cases brought under R.C. 2743.75. It is therefore unavailable here. See *Assn. of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, Ct. of Cl. No. 2020-00103PQ, ¶ 10, adopted 2020-Ohio-4902.

**{¶24}** Ryan further asks the Court to declare "that since [Cooper, a city official] chose to be the point of contact for Public Records Requests/ Custodian of Records she is also putting her bond and oath that her public record responses are 1) based on a diligent search for the records in question, 2) complete and the content therein is accurate to her best belief, and 3) made in good faith." *660 Complaint*, p. 15, ¶ 5. While the precise nature of that declaration is less than clear, it is clear that whatever Ryan seeks is beyond the Court's authority. The Court's remedial powers are set out in R.C. 2743.75(F)(3) and are limited to the production of documents and awarding costs. There is no authorization for the type of declaration Ryan seeks.

**{¶25}** All of those matters are apparent from the face of Ryan's complaint and hence provide grounds for dismissal under Civ. R. 12(B)(6).

### E. Costs

{¶26} Costs should be assessed against Ryan pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

### III. CASE NOS. 2022-00665PQ AND 2022-00680PQ

{¶27} The Special Master will analyze these cases together because they are very similar. In both cases, Ryan made prior public record requests to the City, apparently without specifying the format for producing responsive records. In both cases, the City produced PDF or paper copies of the responsive records. In both cases Ryan made later requests for copies of those same records in their native format. *665 Complaint, p. 3, ¶ 4;* pp. 10, 11, 12; *680 Complaint,* p. 3, ¶¶ 1, 6; p. 9. In both cases the City denied the later requests. *665 Complaint, p. 3, ¶¶ 6, 7;* pp. 7, 8, 9; *680 Complaint, p. 3, ¶¶* 4, 7; p. 7.  In both cases, Ryan seeks production of the native format records responsive to the later requests, monetary sanctions, and declarations about a City official's bond and oath. *Complaint,* p. 5; 680 *Complaint,* p. 5*.*  The City moved to dismiss both cases, making parallel arguments in both cases.

### A. The City's motions to dismiss should be granted in part and denied in part.

{¶28} The City's motions to dismiss are based on Civ. R. 12(B)(6). The Special Master recommends that they be granted in part and denied in part.

{¶29} The City's motions are well taken as to Ryan's requests for monetary relief and declaratory relief about the City official's bond and oath. That relief is unavailable as a matter of law for the reasons explained above. Those matters should therefore be dismissed pursuant to Civ. R. 12(B)(6).

{¶30} The balance of the City's motions should be denied because Ryan has alleged sufficient facts to survive the motions. He alleged facts showing facially valid requests for identifiable public records.  He has also alleged that those requests were

denied. Those allegations must be presumed to be true and state a claim under R.C. 2743.75(D). *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 33.

{¶31} The Special Master therefore recommends that The City's motion to dismiss be granted as to the monetary and declaratory relief requested in Case Nos. 20022-00665PQ and 2022-00680PQ, but denied as to the balance of those cases.

## B. Ryan's claims for production of records are moot.

{¶32} "In general, the provision of requested records to a relator in a public-records *** case renders the *** claim moot*." State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. "A court considering a claim of mootness for a public records request must first determine what records were requested, and then whether any responsive records were provided." *Robinson v. Village of Alexan*dria, Ct. of Cl. No. 2017-00808PQ, 2018-Ohio-1581, ¶ 6 adopted 2018-Ohio-171.

{¶33} Records requested in these cases are the native format versions of the records produced in response to Ryan's previous requests. The City identified those records in response to the *January Order* and has sworn that no other responsive records exist. *Id*. at ¶¶ 2(D) and (I); *City's Response*, p. 1, ¶¶ (B) and (D), pp. 4-18; *City Aff.*, ¶¶ 5-6. Despite having the burden of proving the existence of other responsive records, and despite being ordered to provide evidence of their existence, Ryan has provided no evidence that other responsive records exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877; ¶¶ 22-26; *February Order*, p. 1, ¶¶ 2, 4. The universe of responsive records is therefore fixed by pp. 4-18 of the *City's Response*.

{¶34} The record of these cases indicates that those records were provided to Ryan. The *City's Response* set forth the dates that they were provided. *City's Response*, p. 1, ¶¶ (B) and (D), pp. 4-18. Despite being ordered to do so, Ryan has provided no evidence that the records were not provided to him. *February Order*, p. 1, ¶¶ (A) (1) and (3).

{¶35} In sum, the Special master finds that the City has provided Ryan with all records responsive to the requests underlying these cases. His claims for production are therefore moot.

## C. Costs

{¶36} Costs should be assessed against Ryan pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing these cases. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

## IV.   CONCLUSION

{¶37} The Special Master therefore recommends that:

-       All of Requester's claims in Case 2022-00660PQ be dismissed pursuant to Civ. R. 12(B)(6) and that costs be assessed against Requester.

-       Requester's claims for monetary and declaratory relief in Case 2022-00665PQ be dismissed pursuant to Civ. R. 12(B)(6), that his claim seeking production of records be dismissed as moot, and that costs be assessed against Requester.

-       Requester's claims for monetary and declaratory relief in Case 2022-00680PQ be dismissed pursuant to Civ. R. 12(B)(6), that his claim seeking production of records be dismissed as moot, and that costs be assessed against Requester.

*Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all*

*grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


_____

TODD MARTI
Special Master


**Filed February 28, 2023**
**Sent to S.C. Reporter 3/2/23**