[Cite as *Savransky v. Mahoning Cty. Prosecutor's Office*, 2023-Ohio-3089.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHERYL SAVRANSKY | Case No. 2023-00250PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| MAHONING COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F)(1) report and recommendation. The special master recommends that:

- Respondent be ordered to reproduce all records previously produced without redactions based on R.C. 2151.241 and R.C. 2390.07 and to produce unredacted copies of the records filed for in camera review as Bates 154, 157, 237, 387, 388, 398, 424.
- Requester recover her filing fee and costs, exclusive of attorney fees.
- That all other relief be denied.

### I.   Background.

{¶2} This case concerns public records requests related to criminal proceedings against Gregory Dew. The charges included allegations that Mr. Dews, formerly a chiropractor, molested patients. See generally, *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2009-Ohio-6537.

{¶3} Requester Cheryl Savransky made requests to the Boardman Police Department ("the Department") and the Mahoning County Prosecutor's Office ("Prosecutor") for records related to the underlying criminal investigation. The Prosecutor handled the requests for both offices and ultimately produced copies of hundreds of pages of paper records and several audio files. The copies of the paper records were

redacted. As relevant here, those redactions were based on the medical records exception to the Public Records Act and the redaction of victim names and other identifying information. *Records Filed Under Seal for In Camera Review*, filed July 26, 2003; ("*In Camera Records*"); *Requester's Reply to Order Terminating Mediation*, Filed July 25, 2023 ("*Requester's Evidence*"), Exhibits D, E, and F.

{¶4} Ms. Savransky has sued the Prosecutor, but not the Department. She asserts that the Department violated R.C. 149.43 by not separately responding to her requests, that responsive records exist beyond those produced, that most of the redactions were improper, and that the Prosecutor did not communicate legal bases for the redactions. She seeks access to additional and less redacted records, an explanation of how the Prosecutor searched for responsive records, a sworn statement negating the existence of additional responsive records, and damages.

{¶5} Mediation was unsuccessful, and deadlines were sent for the submission of evidence and memoranda. Those deadlines have passed and the case is ripe for decision. *Order Terminating Mediation,* entered July 12, 2023; *Requester's Evidence*; *In Camera Records*; *Respondent's Motion to Dismiss*, filed August. 4, 2023 ("*MTD*").

II.     **Analysis.**

A. **The Prosecutor's motion to dismiss should be denied because it relies on matters beyond the complaint.**

{¶6} The Prosecutor moves to dismiss this case pursuant to Civ. R. 12(B)(6). Such motions "test[] the sufficiency of the complaint. Thus, the movant may not rely on allegations or evidence outside the complaint[.]." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992) (authorities omitted). The Prosecutor's motion relies on matters going beyond the complaint (the records it produced) to justify its response to Ms. Savransky's requests. The special master therefore recommends that the motion be denied and that this case be resolved on the merits.

B. **The Department's reliance upon the Prosecutor to respond to Ms. Savransky's requests provides no grounds for relief.**

{¶7} Ms. Savransky first contends that the Department defaulted on its duties under R.C. 149.43 by not separately responding to her records requests. That claim fails on two levels.

{¶8} Procedurally, the Department is not a party to this case. The Prosecutor is the only named respondent, so any purported default by the Department is not before the court.

{¶9} Substantively, *State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 30, establishes that a public office may respond to a records request through its counsel. The evidence establishes that the Prosecutor was acting as the Department's counsel in responding to Ms. Savransky's request. The Department informed her that it was looking to the Prosecutor to handle the requests, and correspondence from the Prosecutor confirmed that it was in fact handling the matter on behalf of The Department. *Complaint*, pp. 10, 11, 24-25. That justifies the Department's responding through the Prosecutor.

## C. Requester has not proven that additional responsive records exist.

{¶10} The Prosecutor responded to Ms. Savransky's requests by producing records that were created in or after October of 2006. She asserts that additional responsive records existed during or before July of 2006.

{¶11} When a public office asserts that it has produced all existing records responsive to a request, the requester has the burden of coming forward with clear and convincing evidence that additional records exist. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶¶ 5-10; *McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶¶ 22-26*; State ex rel. Gooden v. Kagel*, 138 Ohio St. 3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8*; Welin v. City of Hamilton*, Ct. of Cl. No. 2021-00748PQ, 2022-Ohio-2661, ¶ 8, adopted 2022-Ohio-2660 (Sheeran J.). The Prosecutor submitted affidavit testimony that no responsive records existed prior to October of 2006. *In Camera Records*, at Ex. A, ¶¶ 3,4. Ms. Savransky therefore has the burden of proving that additional records exist.

{¶12} She attempts to meet that burden by pointing to a document showing that the Department used Ohio Law Enforcement Gateway ("OHLEG") to conduct a

background check on Mr. Dews in July of 2006 and by arguing that no OHLEG search could have been done without a prior witness statement or a written complaint against Mr. Dews. She provides no evidence that such documents are a precondition to accessing OHLEG and cites no legal authority for that requirement. The special master's independent research has not located any statute, regulation, or case imposing such a requirement and the official guidance on OHLEG does not mention any such precondition. Ohio Attorney General, BCI, *OHLEG Rules and Regulations*, https://files.ohleg.org/general/OHLEG_Rules_Regulations.pdf (accessed Aug. 16, 2023). That leaves us with only Ms. Savransky's good faith belief that such documents were required and therefore must exist, but that is not sufficient to carry her burden. *McCaffrey*, 133 Ohio St.3d 139, ¶ 26.

**D. Redactions**.

**1. The Prosecutor must prove the applicability of the exemptions it urges.**

{¶13} Many of the records produced were redacted based on the Prosecutor's assertion that the redacted content falls within various exemptions to the Public Records Act. The Prosecutor bears a heavy burden of proof on this point.

{¶14} A public office asserting an exemption has "the burden of production *** to plead and prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27 (internal punctuation omitted). See also, *Id.* at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence[.]" *Id.* at ¶¶ 53, 77. "Unsupported conclusory statements *** are insufficient." *Id.* at 35. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id.* ¶ 35. See also *id.* at ¶¶ 30, 50, 53. The office must make a strong showing. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and courts must "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63 See also *id.* at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id.* at ¶ 63 (emphasis sic.).

**2. Most of the redactions based on the medical records exception set out in R.C. 149.43(A) (1) and (3) were valid**.

{¶15} Most of the disputed redactions were based on the medical records exception to the Public Records Act. They consisted of hundreds of pages of documents generated in connection with patients Dew allegedly molested. *MTD,* pp. 27-28, 32, 34-42, 43-47.[1]

{¶16} R.C. 149.43(A)(1)(a) excepts "medical records" from the class of public records. "'Medical record' means any document or combination of documents *** that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment." R.C. 149.43(A)(3). Records that meet those requirements as they were originally generated/maintained retain that protection if they end up in a public office's files. *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 82 Ohio App.3d 202 205, 214, 611 N.E.2d 838 (8th Dist.1992) (treatment records gathered in police use of force investigation); *Ingraham v. Ribar*, 80 Ohio App.3d 29, 33, 608 N.E.2d 815 (9th Dist.1992) (medical report in sheriff's file); 1996 Ohio Atty. Gen. Op. No. 5, 1996 Ohio AG LEXIS 5 (patient specific treatment records collected by the State Board of Emergency Medical Services); 2001 Ohio Atty Gen. Op. No. 41, 2001 Ohio AG LEXIS 41 (patient specific treatment records in records of county emergency services entity). Indeed, that exception has been applied to medical reports within a prosecutor's file. *Sheely v. Norris*, 11th Dist. Portage Case No. 92-P-0027, Case No. 92-P-0028, 1993 Ohio App. LEXIS 5205 (Oct. 7, 1993), * 8.

{¶17} Most of the records the Prosecutor redacted on this basis fit comfortably within the exception. Those records were submitted for camera review and detail patients' interactions with various doctors and their staffs, describe the patients' maladies, the attempts to diagnose and treat them, and the extent of the patients' progress. Those attributes are evident from the face of the records themselves. The Prosecutor has carried its burden of proving that the medical records exception applies to those records.

---

[1] All references to specific pages of matters publicly filed in this case are to pages of the PDF copies posted on the Court's on-line docket. References to specific pages of records filed for in camera review are to the Bates numbers of those pages.

{¶18} That is not changed by the fact that these records were redacted in toto. Although the Attorney General has opined that the medical records exception requires the disclosure of names, addresses, and other non-medical personal information included in the record, 1999 Ohio Atty Gen. Op. No. 6, 1999 Ohio AG LEXIS 8, the special master respectfully disagrees.  R.C. 149.43(A)(3) states that the exception covers 'any *document* \*\*\* that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment' (emphasis added). That prescribes the exception in units of whole documents*.*

{¶19} There were, however, some records that were improperly redacted. They are boilerplate forms that contain no information about the patients' individual medical histories, diagnoses, prognoses, or medical conditions. *See* Bates 154, 157, 237, 387, 388, 398, 424. Those records should be produced in unredacted form.

### 3. R.C. 2930.07(C) cannot be retroactively applied to justify the redactions at issue.

{¶20} The Prosecutor redacted names and other identifying information based on R.C. 2930.07.  The *MTD* clarifies that those redactions are based on subsection (C) of that statute. That subsection mandates that a "public office or public official shall take measures to prevent the public disclosure of the name, address, or other identifying information of the victim or victim's representative," and "prohibits the public release of unredacted case documents pursuant to division (A)(1)(v) of section 149.43 of the Revised Code[.]" It became effective on April 6, 2023. The prior version of R.C. 2930.07 contained nothing like those provisions. Am. Sub. H.B. 3, Section 1, 148 Ohio Laws, Part I, 34, 67-68; 2021 H.B 343, Sections 1,3.

{¶21} Ms. Savransky's public records requests were made on September 12 and December 22, 2022. The Prosecutor's final response to those requests occurred on December 22, 2022. The question therefore becomes whether R.C. 2930.07(C) can be applied to justify redactions made before its effective date. There are two reasons why it cannot.

{¶22} First, that would be contrary to public records precedent. Public records disputes are resolved based on the version of R.C. 149.43 in effect when the underlying

request was made. *State ex rel. McDougald v. Sehlmeyer*, 162 Ohio St.3d 578, 2020-Ohio-4428, 166 N.E.3d 1127, ¶ 15, fn. 1; *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11. The text R.C. 2930.07(C) effectively created a new version of R.C. 149.43 by increasing the scope of R.C.149.43(A)(1)(v), but that new version was not in effect at the time of the requests underlying this case. It therefore cannot be applied here.

{¶23} Second, that result is independently mandated by general retroactivity principles. R.C. 1.48 precludes the retroactive application of a statute unless the legislature clearly directs that result. A statute has a retroactive effect if it is applied to events occurring before its effective date. *Hope Academy Broadway Campus v. State Dept. of Edn.*, 10th Dist. Franklin No. 07AP-758, 2008-Ohio-4694, ¶¶ 11, 20. R.C. 2930.07(C) does not clearly indicate that it should be applied retroactively. The public records requests and the Department's responses at issue here all predated that statute's effective date. Applying R.C. 2930.07(C) to those matters would therefore be a retroactive application of the statute barred by R.C. 1.48.

### 4. The Prosecutor has not met its burden of production regarding R.C. 2151.421.

{¶24} The *MTD* makes the passing assertion that some of the redactions were justified by R.C. 2151.421, but that falls short of what is required. An office asserting an exemption from the duty to produce records must "plead and prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27. The Prosecutor's submissions do not identify which of the scores of redactions were supported by R.C. 2151.421. Nor are they supported by evidence establishing the factual basis for applying that statute. That leaves the court with nothing but "[u]nsupported conclusory statements," and they "are insufficient." *Id.* at 35.

### 5. *State ex rel. McCleary v. Roberts* does not justify the redactions.

{¶25} The Prosecutor also argues that the redactions are justified by *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 725 N.E.2d 1144 (2000), because, in its view, the redacted information sheds no light on the operations of public offices. *McCleary* is distinguishable.

{¶26} *McCleary* involved a request for materials that a public office collected, but did nothing with. The Court held that materials that reveal nothing about a public office's operations cannot be records (and hence public records) because they do not "document the organization, functions, policies, decisions, procedures, operations, or other activities of the office" as required by R.C. 149.011(G). *McCleary*, 88 Ohio St.3d at 367-369.

{¶27} This case is different. The records at issue here shed light on how the Department and the Prosecutor performed their core functions: investigating criminal activity and building a case for a criminal prosecution. They document how they executed those functions by revealing the general areas they were exploring and the specific evidence they gathered. *McCleary* is therefore inapposite.

### 6. The Prosecutor adequately explained the bases for redactions.

{¶28} Ms. Savransky's claim that the Prosecutor failed to adequately explain the bases for its redactions is rebutted by her own evidence. That evidence shows that the Prosecutor provided a page-by-page explanation of the statutory bases for the redactions. *Requester's Evidence*, pp. 32, 52-76.

### E. The Prosecutor is not required to explain its search processes or to swear to the non-existence of additional records.

{¶29} Ms. Savransky's demand for an explanation of how the Prosecutor responded to her requests fails because "there is no duty under R.C. 149.43 for respondents to detail the steps taken to search for records responsive to [] requests." *McCaffrey*, 133 Ohio St.3d 139, ¶ 26.

{¶30} Ms. Savransky's claim that the Prosecutor must provide a sworn statement negating the existence of additional responsive records fails for two reasons. First, R.C. 149.43(B)(1) contains no such requirement. Second, the cases have rejected claims for such statements. *State ex rel. Morabito v. City of Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶¶ 7, 14; *Ryan v. City of Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, 2022-00680PQ, 2023-Ohio-621, ¶ 22, adopted, 2023-Ohio-1487 (Sheeran, J.).

### F. Ms. Savransky is not entitled to damages.

{¶31} Ms. Savransky also seeks monetary sanctions against the Prosecutor. While monetary relief is available in a mandamus action, it is not among the types of relief authorized in cases brought under R.C. 2743.75. It is therefore unavailable here. Ryan, 2023-Ohio-621, ¶ 23; *Assn. of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, Ct. of Cl. No. 2020-00103PQ, 2020-Ohio4550, ¶ 10, adopted 2020-Ohio-4902 (McGrath, J.).

## A. Costs.

{¶32} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Ms. Savransky was aggrieved by the Prosecutor's improper redactions. She is therefore entitled to recover her filing fee and all costs incurred in this case.

## III.    Conclusion.

{¶33} In light of the foregoing the special master recommends that:

A. Respondent be ordered to reproduce all records previously produced without redactions based on R.C. 2151.241 and R.C. 2390.07 and to produce unredacted copies of the records filed for in camera review as Bates 154, 157, 237, 387, 388, 398, 424.

B. Requester recover her filing fee and costs, exclusive of attorney fees.

C. That all other relief be denied.

{¶34} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's*

*adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed August 17, 2023**
**Sent to S.C. Reporter 9/1/23**